# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MARCIE SALOPEK, Trustee for THE SALOPEK FAMILY HERITAGE TRUST, | )<br>)<br>) |
| *Plaintiff,* | ) Case No.:<br>) |
| v. | ) Judge:<br>) |
| ZURICH AMERICAN LIFE INSURANCE COMPANY, | )<br>)<br>) |
| *Defendant.* | )<br>)<br>) |

## **DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Defendant Zurich American Life Insurance Company hereby gives notice of its removal of this case filed by Plaintiff Marcie Salopek, Trustee for the Salopek Family Heritage Trust, in the Third Judicial District Court for the State of New Mexico as Cause No. D-307-CV-2018-00523.  Removal is warranted because there is complete diversity between the Plaintiff on one hand and the Defendant on the other, and the amount in controversy exceeds $75,000, exclusive of costs and interest.  True and correct copies of the Complaint and all process, pleadings and orders served on the Defendant, as well as other records collected from the court below, are attached hereto as **Exhibit A** and incorporated herein by this reference.

The undersigned hereby certifies that, immediately upon the filing of this Notice of Removal, Defendant will file copies of this Notice of Removal with the Clerk of the Third Judicial District, County of Dona Ana, New Mexico, and serve it upon Counsel for Plaintiff in accordance with 28 U.S.C. § 1446(d).

**ARGUMENT**

Removal is proper because (i) this Notice is timely filed under 28 U.S.C. § 1446(b) and (ii) this Court has subject-matter jurisdiction over this matter under 28 U.S.C. §§ 1332, 1441(a), and 1441(b)(2).

**I.      The Notice of Removal Is Timely**

This notice is timely filed under 28 U.S.C. § 1446(b)(1), which provides that a notice of removal is timely if filed within thirty days of service of a complaint.  The docket for this case in the Third Judicial District, County of Dona Ana, New Mexico shows that the Complaint was filed on March 6, 2018.  The Complaint and Summons were thereafter served on the Superintendent of Insurance for the State of New Mexico.  *See* N.M. Stat. Ann. § 59A-5-31(A).  The Superintendent forwarded the Complaint and Summons to Defendant Zurich American Life Insurance Company ("Zurich") with a cover letter noting that "Service was accepted on your behalf on 3/13/2018."  *See* **Exhibit A** at 33.  Service on an insurer pursuant to N.M. Stat. Ann. § 59A-5-31 "shall be complete" when the Superintendent effects service on the insurer.  N.M. Stat. Ann. § 59A-5-32(B); *see also Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1224–25 (D.N.M. 2012).  Here, the earliest date on which service on Zurich could have been accomplished was March 13, 2018—the date on which the Superintendent accepted service.  This notice is filed within thirty days of the date of service, and is therefore timely.

**II.     This Court Has Subject-Matter Jurisdiction Under 28 U.S.C. § 1332**

The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332, rendering removal appropriate under 28 U.S.C. § 1441(a), because there is complete diversity

between the parties to the suit, and because the amount in controversy exceeds $75,000, exclusive of costs and interest.

### A. There Is Complete Diversity Between the Parties to this Action

According to the Complaint, Plaintiff Marcie Salopek ("Plaintiff") is a "resident and domiciliary of Las Cruces, Dona Ana County, New Mexico and the matriarch of the pecan farming Salopek family." (Compl. ¶ 1.) Plaintiff brings this action in her capacity as "Trustee for the Salopek Family Heritage Trust." (Compl. ¶ 1.) The Salopek Family Heritage Trust ("the Trust") was purportedly created in 2015 in Las Cruces, New Mexico. (Compl. ¶ 2.) As a result, Plaintiff is considered to be a citizen of New Mexico for purposes of 28 U.S.C. § 1332. *See Americold Realty Trust v. ConAgra Foods Inc.*, 136 S. Ct. 1012, 1016 (2016) ("[W]hen a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes.").

The Complaint further provides that Defendant Zurich is an Illinois corporation. The Complaint does not identify the location of Zurich's principal place of business, which is New York. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that the phrase "principal place of business" for purposes of determining a corporation's citizenship under 28 U.S.C. § 1332(c)(1) is "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities" or its "nerve center"). Zurich is therefore considered to be a citizen of both Illinois and New York for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c) (providing that a corporation is considered to be a citizen of both the state in which it is incorporated and the state in which it has its principal place of business).

As a result, there is complete diversity of citizenship, as there is no overlap in citizenship between the Plaintiff, who is a citizen of New Mexico, and the Defendant, which is a citizen of Illinois and New York. Further, removal is proper under 28 U.S.C. § 1441(b)(2), as Zurich is not a citizen of the State in which the action was filed.

**B.    The Amount in Controversy Exceeds $75,000, Exclusive of Costs and Interest**

The Complaint alleges that Zurich issued a life insurance policy worth $15,000,000 to Mark Salopek and wrongfully withheld payment on the policy after Mr. Salopek's death. (Compl. ¶¶ 29, 49.) Plaintiff seeks $15,000,000 in compensatory damages, which represents the amount that is allegedly due and owing under the policy. These allegations satisfy the requirement that the amount in controversy exceed $75,000, exclusive of costs and interest. *See* 28 U.S.C. § 1332(b).

## **CONCLUSION**

For the reasons stated above, removal based on diversity of citizenship is proper. Accordingly, Defendant respectfully requests that this case proceed in this Court.

Date:  April 11th 2018                                    Respectfully submitted,

**O'BRIEN & PADILLA, P.C.**

 */s/ Daniel J. O'Brien*
DANIEL J. O'BRIEN
6000 Indian School Road N.E.
Suite 200
Albuquerque, New Mexico  87110
Tel:     (505) 883-8181
Fax:    (505) 883-3232
Email: dobrien@obrienlawoffice.com


**STEPTOE & JOHNSON LLP**

JON T. NEUMANN
201 E Washington Street
Suite 1600
Phoenix, Arizona  85004
Tel:     (602) 257-5200
Fax:    (602) 257-5299
Email: jneumann@steptoe.com

JOHN JACOBUS
   (application to appear *pro hac vice*
    to be submitted)
JOHANNA DENNEHY
   (application to appear *pro hac vice*
    to be submitted)
1330 Connecticut Avenue NW
Washington, DC  20036
Tel:     (202) 429-3000
Fax:    (202) 429-3902
Email: jjacobus@steptoe.com
            jdennehy@steptoe.com

*Attorneys for Defendant Zurich American Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following individuals to be served:

Randi McGinn
201 Broadway SE
Albuquerque, NM  87102
Tel:	(505) 843-6161
Fax:	(505) 242-8227
Email: randi@mcginnlaw.com

Peter Selvin
TROY GOULD, PC
1801 Century Park East
16th Floor
Los Angeles, CA  90067-2367
Tel:	(310) 553-4441
Fax:	(310) 201-4746
Email: pselvin@troygould.com

*Attorneys for Plaintiff Marcie Salopek,*
*Trustee of the Salopek Family Heritage Trust*


 */s/ Daniel J. O'Brien*
 DANIEL J. O'BRIEN