**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARCIE SALOPEK,

Plaintiff,

v. CV No. 18-339 JAP/CG

ZURICH AMERICAN LIFE
INSURANCE COMPANY,

Defendant.

**STIPULATED PROTECTIVE ORDER**

**THIS MATTER** is before the Court on the parties' *Stipulation for Entry of Protective Order*, (Doc. 35), filed June 19, 2018. Upon the stipulation of the parties, **IT IS HEREBY ORDERED**:

The Court recognizes that some documents and information ("Materials" as defined herein) being sought through discovery in the above-captioned action may be considered confidential by the producing parties for competitive reasons or to protect personally identifying health information and confidential medical records ("Confidential Information" as defined herein). The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action to facilitate document production and disclosure, and to protect the interests of the parties in their Confidential Information. This Order also applies to any nonparty from whom discovery may be sought who desires the protections provided herein. This Order shall remain in effect unless modified pursuant to the terms contained in this Order.

1. Definitions. The following Definitions shall apply in this Order:

a. The term “Confidential Information” will mean and include any confidential or proprietary technical, scientific, financial, business, health, or medical information, including information in any form that identifies an individual in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual, the provision of health care to such individual, or the past, present, or future payment for the provision of health care to such individual, that is contained or disclosed in any Materials and is deemed to be Confidential Information by any party to which it belongs.

b. The term “Materials” will include, but is not be limited to: documents; correspondence; memoranda; financial information; email; materials that identify customers or potential customers; pricing materials; underwriting materials; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; forecasts; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; sketches; drawings; notes of discussions with third parties; and business reports.

c. The term “Counsel” will mean outside counsel of record, and other attorneys, paralegals, secretaries, clerks, assistants, and other support staff employed in or contracted by the following law firms: Steptoe & Johnson LLP; O’Brien & Padilla, P.C.; McGinn, Montoya, Love & Curry; and Troy Gould, P.C.

2. Designating Information and Materials “CONFIDENTIAL.” Each party or nonparty to this litigation that produces or discloses any Materials, answers to interrogatories,

responses to requests for admission, responses to subpoenas, deposition testimony, or information that the producing party or nonparty believes should be subject to this Protective Order may designate the same as “CONFIDENTIAL.” Plaintiff’s counsel designates “CONFIDENTIAL” all of Mr. Salopek’s medical information, whether obtained by Zurich in the application process, obtained through a medical release provided in this litigation, produced by plaintiff, or obtained from some other source. Plaintiff will stamp “CONFIDENTIAL” those medical records produced directly in litigation. Zurich should stamp “CONFIDENTIAL” all medical records it obtained in the application process and through a medical records release.

3. Use of Confidential Information in Depositions. Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Information of any party or nonparty:

a. The deposition or portions of the deposition may be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated “CONFIDENTIAL.”

b. The disclosing party will have the right to exclude from attendance at the deposition, only during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and

associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 5 below; and

c. The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

4. Service on Nonparties from whom Discovery Is Sought. The parties shall serve a copy of this Order simultaneously with any discovery request made to a nonparty.

5. Persons Permitted to View Information and Materials Designated "CONFIDENTIAL." Information and materials that are designated "CONFIDENTIAL" may be viewed only by:

a. Counsel (as defined in paragraph 1(c), above) of the receiving party, provided that, prior to receiving any Confidential Information of the producing party, any independent contractor of Counsel must execute a copy of the "Agreement to Be Bound by Protective Order," attached hereto as Exhibit A;

b. Independent experts and stenographic and clerical employees associated with such experts. Prior to receiving any Confidential Information of the producing party, the expert must execute a copy of the "Agreement to Be Bound by Protective Order," attached hereto as Exhibit A. Counsel for the receiving party must retain executed copies of such exhibits;

c. The Court and any Court staff and administrative personnel;

d. Any court reporter or photocopy support personnel employed in this litigation and acting in that capacity;

e. Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action;

f. Party principals or executives who are required to participate in policy decisions with reference to this action, and the secretary and assistants of such principals to the extent reasonably necessary;

g. In-house counsel for a party who are acting in a legal capacity and who are actively engaged in the conduct of this action, and the secretary and paralegal assistants of such counsel to the extent reasonably necessary;

h. Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action;

i. Stenographic and clerical employees associated with the individuals identified above; and

j. Auditors, insurers, accountants, trustees, reinsurers, or other regulatory officials.

6. Requests to Disclose Confidential Information to Parties Not Covered by Paragraph 5. At any stage of these proceedings, any party may request that it be permitted to disclose Materials designated as Confidential Information to individuals not permitted by this Order to view such Materials. The party must notify, in writing, Counsel for the producing party or the producing nonparty of the identity of the relevant Materials

and the individuals to whom the party wishes to disclose the Materials. If the request is not resolved consensually between the parties within fourteen (14) days of receipt of such a request, the requesting party may move the Court for a ruling allowing such disclosure. In the event any party files a motion requesting such disclosure, the document shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the request.

7. Permitted Uses of Confidential Information and Materials. Confidential Information and Materials designated "CONFIDENTIAL" shall be used solely for the prosecution or defense of this action. However, the principals, employees, or other agents of the parties who received information prior to and apart from this litigation that was subsequently disclosed in this litigation and designated as "CONFIDENTIAL" may retain copies of that information as is necessary for use in their respective businesses.

8. Producing Party's Use of its Own Confidential Information. Nothing in this Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any confidentiality designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Confidentiality will no longer apply if the producing party makes the information publically available.

9. Filing Confidential Information Under Seal. Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, responses to subpoenas, deposition transcripts, or other documents which are designated as

Confidential Information are filed with the Court for any purpose, the party seeking to file such Material must seek permission of the Court to file the Material under seal. Nothing in this Order shall be construed as automatically permitting a party to file under seal. Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response, or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. Further, no portion of the trial of the matter shall be conducted under seal. Should a party inadvertently file a confidential document in a public pleading, upon notice, both sides will work together to have the document placed under seal.

10. Objections to Confidentiality Designations. At any stage of these proceedings, any party may object to a designation of Materials as Confidential Information. The party objecting to confidentiality must notify, in writing, Counsel for the producing party or the producing nonparty of the objected-to Materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of objection, the party seeking to maintain confidentiality may move the Court to maintain confidentiality. In the event any party files a motion seeking to maintain confidentiality or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as Confidential Information, as designated by the producing party or nonparty, until the Court has ruled on the objection or the matter has been otherwise resolved.

11. Materials Not Labeled or Identified in Accordance with Order. No party will be responsible to another party or nonparty for disclosure of Confidential Information under

this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

12. Inadvertent Production of Unmarked Confidential Information. If a party or nonparty, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the producing party may give written notice to the receiving party that the Materials produced are deemed Confidential Information, and that the Materials produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential once the producing party so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure. Counsel for the parties and, where implicated, nonparties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL."

13. Obligations upon the Termination of this Action. Within five (5) years of the final termination of this action, including any and all appeals, Counsel for each party must certify that they have purged all Confidential Information from all machine-readable media on which it resides and must either (a) return all Confidential Information to the party or nonparty that produced the information, including any copies, excerpts, and summaries of that information, or (b) destroy or delete all copies of Confidential Information, including excerpts and summaries of that information. With respect to paper copies, return or destruction of Confidential Information is at the option of the producing party. Notwithstanding the foregoing, Counsel for each party may retain all

pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information after the conclusion of this litigation. Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information after the conclusion of this litigation.

14. Materials Produced Prior to the Entry of this Order. Any party may designate as "CONFIDENTIAL" any Materials that were produced during the course of this action without such designation before the effective date of this Order, as follows:

a. Parties to this action may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate legend of "CONFIDENTIAL" to all other parties in possession or custody of such previously undesignated Materials. Any party receiving such notice and copies of designated Materials pursuant to this subparagraph shall return to the producing party all undesignated copies of such Materials in its custody or possession, or shall affix the appropriate legend to all copies of the designated Materials in its custody or possession.

b. Upon notice of designation pursuant to this paragraph, parties shall also: (i) make no disclosure of such designated Materials or information contained therein except as allowed under this Order; and (ii) take reasonable steps to notify any persons known to have possession of such designated Materials or information of the effect of such designation under this Order.

c. All such designations must be made within thirty (30) days of the date of this Order.

15. Notice. Transmission by email or facsimile is acceptable for all notification purposes within this Order.

16. Modification by Parties. This Order may be modified by agreement of the parties, subject to approval by the Court.

17. Modification by Court. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

18. Continuing Effect. After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and Materials designated as confidential for enforcement of the provisions of this Order following termination of this litigation.

THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

APPROVED:

By: /s/ Daniel J. O'Brien
Daniel J. O'Brien
O'BRIEN & PADILLA, P.C.
6000 Indian School Road N.E.
Suite 200

Albuquerque, New Mexico  87110
Tel:    (505) 883-8181
Fax:    (505) 883-3232
Email: dobrien@obrienlawoffice.com

*Counsel for Defendant Zurich American Life Insurance Company*

By: __/s/  Randi McGinn___

Randi McGinn
McGINN, MONTOYA, LOVE & CURRY
201 Broadway SE
Albuquerque, NM  87102
Tel:    (505) 843-6161
Fax:    (505) 242-8227
Email: randi@mcginnlaw.com

*Counsel for Plaintiff Marcie Salopek, Trustee for The Salopek Family Heritage Trust*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARCIE SALOPEK,

Plaintiff,

v. CV No. 18-339 JAP/CG

ZURICH AMERICAN LIFE
INSURANCE COMPANY,

Defendant.

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ____________________________________, declare and say that:

1. I am employed as __________________________________________

by ______________________________________________________________.

2. I have received a copy of and read the Protective Order (the “Order”) entered in the above-captioned action.

3. I promise that I will use any and all “CONFIDENTIAL” information, as defined in the Order, only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such “CONFIDENTIAL” information with anyone other than the persons described in paragraph 5 of the Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of New Mexico with respect to the enforcement of the Order.

6. I understand that any disclosure or use of "CONFIDENTIAL" information in any manner contrary to the provisions of the Protective Order may subject my actions to review before the court.

7. I will return all "CONFIDENTIAL" Materials, as defined in the Order, to the attorney who provided them to me, on request of that attorney, and I shall not retain any copies of said Materials or any information contained within "CONFIDENTIAL" Materials.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this ______ day of ________________, _______.

By _________________________
Signature