# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARCIE SALOPEK,

    Plaintiff,

v.                                                 CV No. 18-339 JAP/CG

ZURICH AMERICAN LIFE
INSURANCE COMPANY,

    Defendant.

## ORDER GRANTING MOTION TO COMPEL

**THIS MATTER** is before the Court on *Plaintiff's Motion to Compel Zurich America Life Insurance Company to Produce an Unredacted Copy of a Memorandum* ("Motion"), (Doc. 101), filed February 21, 2019; *Defendant's Opposition to Plaintiff's Motion to Compel* ("Response"), (Doc. 108), filed March 14, 2019; and Plaintiff's *Reply in Support of Plaintiff's Motion to Compel* ("Reply"), (Doc. 110), filed March 28, 2019. On March 29, 2019, the Court ordered Defendant to submit the memorandum at issue (Bates No. ZALICO_SAL0002235) to the Court for an *in camera* review, (Doc. 112), which Defendant did. In considering the Motion, Response, Reply, record of the case, and relevant law, the Court finds that the Motion shall be **GRANTED**.

    This case arises out of Defendant's denial of a life insurance claim. (Doc. 101 at 2-3); (Doc. 108 at 4-6). The claim was a "contestable claim" because it was made within two years of issuance of the life insurance policy. (Doc. 101 at 2). In denying the claim, Defendant asserts that Mark Salopek (Plaintiff's husband) materially misrepresented his health status when he applied for the life insurance policy. (Doc. 108 at 4). In her Complaint, Plaintiff raises the following claims: breach of contract, bad faith insurance

conduct, violation of the Unfair Insurance Practices Act, violation of the Unfair Trade Practices Act, and negligence. (Doc. 1-1).

Plaintiff served discovery requests asking for Defendant's policies, practices, and guidelines pertaining to how Defendant handles, investigates, and denies life insurance claims, and how Defendant rescinds or cancels life insurance policies. (Doc. 101 at 2). In response, Defendant produced certain documents and provided Plaintiff with a privilege log. *Id.* Plaintiff's Motion pertains to a one page email from Defendant's claims department manual. All of the email is redacted except the date ("January 15, 2014"), who it is from ("Ed Summer"), and the subject line ("Re: Causal Connection on Contestable Claims"). *See* (Doc. 105 at 5). In its privilege log, Defendant states the document is from Defendant's Office of the General Counsel c/o William Edward Summer, and describes the document as: "Portion of claim handling manual reflecting confidential legal advice regarding the law of Arkansas, Kansas, Missouri, Oklahoma, Rhode Island, Texas, Utah and Wisconsin as to misrepresentations in insurance applications." (Doc. 101 at 5).

In her Motion, Plaintiff states that Defendant's description in the privilege log does not clearly establish the memorandum is privileged because neither the author nor recipient are attorneys and it does not appear to constitute a confidential communication made for the purpose of providing legal advice. *Id.* at 7-8. Instead, Plaintiff argues that the memorandum appears to be instructions from Defendant's Head of Claims regarding Defendant's claims handling process. *Id.* at 8.

In Response, Defendant argues the memorandum is privileged because it advises claims handlers of the laws of several states concerning misrepresentations in life insurance applications. (Doc. 108 at 10). Defendant states the information reflects

legal advice that was conveyed to claims handlers via the head of Defendant's claims handling department. *Id.* at 11. In addition, Defendant contends the memorandum is not relevant because it reflects the law of states other than New Mexico, which is where Plaintiff's claim arises. *Id.* at 12.

In Reply, Plaintiff maintains that Defendant should produce an unredacted copy of the memorandum because it is not privileged. (Doc. 110 at 4). Plaintiff argues that Defendant's assertion that the memorandum reflects legal advice is insufficient to establish that the information constituted a confidential communication made for the purposes of providing legal advice, and the description of the memorandum suggests it concerns business matters. *Id.* at 8-11. Plaintiff also notes Defendant did not submit any declarations to support its assertion that the memorandum's purpose was for legal advice. *Id.* at 11-12. Finally, Plaintiff argues the memorandum is relevant because Plaintiff's claims involve a contestable claim and alleged misrepresentations to Defendant. *Id.* at 13-14.

In diversity cases such as this one, state law governs the scope of the attorney-client privilege and whether it has been waived. *Anaya v. CBS Broadcasting, Inc.*, 251 F.R.D. 645, 649 (D.N.M. 2007). "Under New Mexico law, the attorney-client privilege applies to confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." *Id.* at 650. The privilege is designed to permit clients to freely seek legal advice by encouraging them to disclose more information to their attorneys "uninhibited by the fear of their statements to an attorney becoming evidence," which in turn enables attorneys to "provide more thorough and accurate legal advice." *Bhandari v. Artesia Gen. Hosp.*, 317 P.3d 856, 860 (2013) (internal citations omitted.) "The party asserting the attorney-client privilege bears the

3

burden of demonstrating that it applies and that it has not been waived." *Anaya*, 251 F.R.D. at 650.

The Court has considered the arguments by the parties and has reviewed the memorandum at issue. The memorandum is not written by an attorney and does not state that it conveys a confidential communication from Defendant's counsel. Instead, the memorandum is written by Defendant's Head of Claims and refers to business practices for contestable claims in states with a statute requiring that the condition that was misrepresented contributed to the loss.

Defendant relies on *Navajo Nation v. Urban Outfitters, Inc.*, 2016 WL 3475340, at *3 (D.N.M. March 25, 2016) (unpublished), for its argument that communications reflecting counsel's legal advice to a corporation are still privileged when shared among corporate employees. (Doc. 108 at 11). However, in *Navajo Nation*, the defendant submitted affidavits stating that the withheld documents reflected legal advice from the defendant's counsel that the employees needed to know in order to implement it as part of their job duties. In contrast, here Defendant has not provided any support for its contention that the memorandum contains confidential communications made for the purpose of facilitating professional legal services. *See Anaya*, 251 F.R.D. at 650 ("The bald assertion that production of the requested information would violate a privilege (provided by law) is not enough. The party resisting discovery has the burden to clarify and explain its objections and to provide support therefor.") (quoting *United Nuclear Corp. v. Gen. Atomic Co.*, 629 F.2d 231, 293 (N.M. 1980)). Moreover, the substance of the memorandum merely advises claims handlers to refer contestable claims to a claim manager and for possible legal advice. For these reasons, the Court finds Defendant has not met its burden in proving the memorandum is privileged.

In addition, the Court finds the memorandum is relevant. Plaintiff's claims involve a contestable claim and alleged misrepresentations on an insurance application. While the memorandum refers to statutes in states other than New Mexico, it also discusses Defendant's business practices when presented with contestable claims and the effect of a misrepresentation. Therefore, is relevant to the claims and defenses in this case.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Compel Zurich America Life Insurance Company to Produce an Unredacted Copy of a Memorandum*, (Doc. 101), is **GRANTED**, and Defendant shall provide Plaintiff with an unredacted copy of Bates No. ZALICO_SAL0002235 by **April 25, 2019**.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE